IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOCKET 3:02-CR-206
3:11-CR-00055

THE UNITED STATES
  OF AMERICA
    V.
JEFFREY OLSON

JUDGE MUNLEY

PRO SE

**FILED
SCRANTON**

JUL 12 2013

PER _____
DEPUTY CLERK

MOTION FOR § 2255

AND NOW, comes the Defendant, Jeffrey Olson, in a Motion of § 2255, showing this Honorable Court facts left out of this case and proving ineffective assistance of council. It avers as follows;

FACTS

① On February 21, 2011 the defendant was arrested on wire fraud charges by FBI.

①

② On February 21, 2011 Federal Public Defender Ingrid S. Cronin was appointed to handle the defendants case in front of Magestrak Judge Manion.

③ The defendant was taken into custody and taken to the Lackawanna County Prison.

<u>Grounds For Relief</u>

The defendant met many times with his attorney at the prison. The defendant related his entire life story along with his medical history to his attorney. Included in this medical information was a Traumatic Brain Injury, (TBI). This was never brought to the courts attention and needed to be

since their are rules governing people incarcerated with (TBI). During plea negotiations the defendants attorney suggested a meeting between the United States Attorney Francis P. Sempe and the defendant. This meeting took place at the Lachawanna County Prison. At this meeting the defendants attorney was present as was his Federal Public Investigator John Brunza. This meeting took approximately two hours. During this meeting the AUSA discussed every aspect of the defendants case. The defendant explained how the others involved committed crimes in dealing with the defendant. The AUSA

③

stated to all present that if the defendant accepted his plea and admitted his guilt before the court the AUSA would have the others involved in this case investigated. (See plea transcripts pg 15, lines 19 to 24). The AUSA then went on to promise that if the defendant took this plea the government would ask the court to sentence the defendant concurrently on both his crime and his supervised release violation. This was used to induce the defendant to accept the plea and the AUSA did not live up to his promises, essentially tricking the defendant. The defendants attorney

did nothing about either broken promise and did not bring these matters up at sentencing. The defendant, while incarcerated, cooperated on a case being prosecuted by Michelle Olshefsky, another AUSA. The defendant met with DEA and IRS agents providing substantial assistance to their investigation. AUSA stated in an email to defendants attorney that she was very pleased with this information and would tell this to the government and the court. This did not happen and once again the defendants attorney did not bring this to the attention of the court. On May 13, 2012

5

the defendant was released on pretrial services to work with the New Jersey DEA. From the 13th of May until sentencing on February 21st 2013 the defendant worked continually with agents. The defendant wore body wires with two target individuals on more than a couple of occasions. The defendant recorded telephone calls with targets. The defendant gave great amounts of intelligence to agencies including identifying and giving information on Hezbollah terrorists involved in drug dealing and money laundering within the United States. This was done right up to the day of sentencing. The defendant

had set up a meeting with an organized

crime target for the DEA on the day

of his sentencing. The DEA agent, Brian

A. Reynaldo stated all of this to defendants

attorney. Even without immediate arrests

this information and work was far greater

than most cooperation efforts and caused

death threats to the defendant and his family

but attorney cronin did not relate these matters

to the court in a competent manner. Many

defendants have received departures for much

less work with the government. Considering

the defendant helped AUSA Olshefsky and the

DEA these matters should have been

heard in full by the court. Attorney Cronin did not object when the court did not use the required three step process in the defendants violation hearing.

## Conclusion

From the start of the defendants defense Attorney Cronin failed to bring major issues in this case to light. From the medical issues, including traumatic brain injury to the extent of the cooperation efforts of the defendant to allowing probation and the U.S. Attorney to change the story agreed to at the plea hearing. This elaborated story made the defendants crime appear

far worse than it was. Attorney Cronin failed to object to the courts misrepresentation of the defendents criminal history or the good works of the defendant to correct problems in his life. In short, Attorney Cronin failed to show important issues in this case and did not function as an competent trial attorney.

## Relief

The relief requested is as follows;

① For the supervised relief violation to be made concurrant as promised in front of witnesses by the U.S. Attorney.

② For the defendant to be given his

nine months on pretrial services

to count as time served on his sentence

since the entire time was spent working

with government agencies.

(3) For a downward departure for the great

amount of cooperation given to the

government during incarceration and

while on pretrial services.

(5) To vacate this sentence and start

this process over with a competent attorney.

WHEREFORE, the Defendant respectfully asks this Honorable Court to grant a hearing to set aside this conviction and give the defendant the departures due him under the law.

7/4/2013

Respectfully Submitted,

Jeffrey Olson

11085-067

FCI Elkton

PO Box 10

Lisbon, OH 44432

17

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THE UNITED STATES

OF AMERICA

v.

JEFFREY OLSON

Docket #
3:02-cr-206
3:11-CR-00056

JUDGE MUNLEY

PRO SE

BRIEF IN SUPPORT OF MOTION FOR § 2255

The defendants rights under the 6th

ammendment were violated during his defense

and the most pertinent information pertaining

to this case was not brought forward. There

were many mistakes and no objections which

would have made a significantly different

outcome at the defendants sentencing.

① In preperation for his case, the defendant

wrote out his entire lifes history including

①

all of his pertinent medical history. This
information included the loss of the defendants
entire family along with abuse and traumatic
brain injury. (TBI) The (TBI) itself has
its own section in the law and directions
with respect on how a court treats such a person.
This was not conveyed to the district court.

② During plea negotiations the defendant
did not want to plea due to a lack of
trust on the part of the U.S. Attorney. The
defendants Attorney suggested a meeting between
the U.S. Attorney, the defendant, his attorney
and Federal Public Investigator John Brunza.
After many assurances by the defendants



attorney as to the sincerity of the U.S. Attorney a meeting was held at the Lackawanna County Prison. At this meeting all the facets of this case were discussed including the defendants role in the offense. The other participants in the offense committed numerous crimes. The U.S. Attorney stated that he believed the information given by the defendant and if the defendant was to agree to the plea offered the U.S. Attorney would have the other parties investigated for their roles in the crime. This was evidenced in the "plea transcripts on page 15, lines 19 to 24, exhibit A". At the time of

③

this meeting the U.S. Attorney stated to all present that if the defendant admitted his guilt in the offence that the U.S. Attorney would recommend to the court and probation that the defendants Supervised release violation be run concurrant with the defendants wire fraud sentence. This was witnessed by all present at the meeting. The U.S. Attorney used these two inducements to get the defendant to accept a guilty plea with the blessing of the defendants attorney. The defendants investigator, John Brunza made, along with the defendant, a large bound book with evidence and facts concerning many

④

others involved in this case including the woman (Denise Leibensperger) who initiated this case and several lawyers. This book was given by Investigator Brunza to then FBI agent Kevin Weavedo who has an admitted animosity towards the defendant. The agent stated his animosity to the defendants lawyer and investigator. The agent stated to John Brunza that "more could have been done." That was the end of the AUSA's investigation. During the defendants incarceration at the Lachawanna County Prison the defendant contacted his Attorney with a great deal of information given to him by Carlos Guerra-Lescay.

③

⑤

Guerra-Lescay was a former client of the defendants Attorney. The defendants Attorney took this information and gave it to U.S. Attorney Michelle Olshefsky. This was the AUSA prosecuting Guerra-Lescay. AUSA Olshefsky sent an IRS agent, Tim Carrol and an DEA agent to the prison to speak with the defendant. A great deal of information was given to the agents by the defendant at this meeting and subsiquent meetings. The defendant also supplied information through his lawyer and investigator to these agents. The agents, along with AUSA Olshefsky stated the defendant supplied substantial

(6)

information on this case. Through email communications between AUSA Olshefsky and Attorney Cronin, the AUSA stated this information was substantial and she would tell this to the court and government. This did not take place due to either collusion between U.S. Attorney's or incompetence by Attorney Cronin. This was never brought to the courts attention again denying the defendant any departures due him.

④ On May 13, 2012 the defendant was released on pretrial services to work with the New Jersey DEA. During this time the defendant wore body wires with two targets.

⑤

The first was for the girlfriend of
Guerra-Lescay for the further benefit of
Aust Olshefsky. The second was a major organized
crime figure. These wires were worn on more
than one occasion and this cooperation included
taping phone conversations. The defendant
also worked other cases and gave a great
amount of intelligence. The defendant was
contacted by DEA about a large group of
drug dealers and money launderers in Florida.
These people are directly related to terrorist
activity and to the terrorist group Hezbollah.
This information, in part is part of the
sentencing record in this case. This

cooperation was taking place up until the day of sentencing. A target was met on February 21, 2013 by DEA in New Jersey who believed he was meeting the defendant. This was the day of sentencing. This was set up by the defendant before sentencing but not taken into consideration by the court. This matter was handled unprofessionally by the defendants attorney and cost him dearly, including death threats against his family. Many defendants receive departures for much less than was accomplished by the defendant. The defendant put himself directly in harms way on

more than one occasion on behalf of the government. Perhaps no arrest was made but this defendant certainly put himself in harms way and gathered a huge amount of intelligence for the government.

(5) When the district court held the defendants sentencing on 2/21/2013, the disrict court did not use the required three step process in determening the defendants violation punishment. Attorney Cronin again was remiss in not objecting to this and in not bringing forth all relevant information that transpired during the defendants legal process.

# IN CONCLUSION

There are many factors to consider in this brief. All of these factors have move than enough merit to move the court to a hearing. The Attorney of record on this case fell short of the competent professionalism gauranteed a defendant by the Constitution. Many mistakes were made and the court was not fully informed of all the aspects of this case. The defendant has shown he has put his life on the line in assisting the government. The defendant has chronic medical issues not addressed by the court because of the failure of his attorney to

(11)

bring these matters to the courts attention. The defendants Attorney failed to properly protect him in his plea negotiations or in his health issues or in procedural issues. The defendant was seen by the court in the worst possible light due to his Attorney not objecting to the story told by the government and stating the proper facts before the court. With these issues said, the defendant ask's this Honorable Court for relief as it is an urgent matter.

Respectfully submitted,

Jeffy Olsen 11085-067
FCI Elkton PO Box 10
Lisbon, OH, 44432

(12)

15

1 substantial assistance to the government after sentencing in

2 this case, the United States will consider filing a motion to

3 depart from the recommended sentencing range pursuant to Rule

4 35.  The defendant understands that it is wholly within the

5 discretion of the United States Attorney's Office to determine

6 whether a departure motion under Rule 35 is warranted and filed

7 in this case.

8 　　　　The defendant has agreed to make full restitution in

9 the amount and in accordance with the schedule to be determined

10 by the Court.  The defendant understands that the Court is not

11 a party to the agreement and is not bound by the agreement or

12 any recommendations made by the parties.  However, if the Court

13 imposes a sentence greater or lesser than that recommended by

14 parties, neither party will be bound by the plea agreement and

15 the defendant will be entitled to withdraw his guilty plea.

16 Those, Your Honor, are the key aspects of the plea agreement.

17 　　　　THE COURT:  Ms. Cronin, do you agree with Mr. Sempa's

18 explanation of the plea agreement?

19 　　　　MS. CRONIN:  I do, Your Honor.  I simply add that my

20 client has had a significantly extensive conversation with the

21 United States Attorney in this case and the United States

22 Attorney has agreed to use a good faith effort to use the

23 information provided by my client in the prosecution of others

24 who may be involved in this situation.

25 　　　　MR. SEMPA:  That's correct, Your Honor.

Exhibit "A"



# PROOF OF SERVICE

I certify that on _July 5, 2013_ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Clerk of courts
William J. Nealon Bldg + Federal Courthouse Box 1148
235 N. Washington Ave
Scranton Pa 18501

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _7/5/13_ (date) for forwarding to the Court of Appeals.  I certify under penalty of perjury that the foregoing is true and correct.  28 U.S.C. §1746.

_Jeffrey Olsen_
Signature

Dated: _7/5/13_

Rev. 08/2010

7

Dear Clerk of Courts,                          7/7/13

I am entering a motion and briefs
for a § 2255. I hope it is all in
order. If not I ask if you can
instruct me in what is missing.

I am also the plaintiff in
a civil action before Judge Rambo
but I have been in transit for
months. I am now at my destination
and sent a letter to your office
recently about this. Again, I
hope this is correct and I am
moving In forma pauperis.

                        Thank you,
                        J. Olson
                        11085-007

NAME: Jeffrey Olson
REG # 11085-067
Federal Correctional Institution Elkton
P. O. Box 10
Lisbon OH 44432

RECEIVED
SCRANTON

JUL 1 2 2013

PER _____
DEPUTY CLERK



⇔11085-067⇔
Clerk Of Courts
Federal Courthouse Bldg.
235 N. Washington Ave PO Box 1148
Scranton, PA 18501
United States



Legal Mail