**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:11cr55** |
| | : | **No. 3:02cr206** |
| **v.** | : | **No. 3:14cv320** |
| | : | **No. .3:14cv321** |
| **JEFFREY OLSON,** | : | |
| **Defendant** | : | **(Judge Munley)** |

## MEMORANDUM

Before the court for disposition is Defendant Jeffrey Olson's motion to vacate, set aside or correct his criminal sentence filed under 28 U.S.C. § 2255. Defendant asserts that certain facts were left out of his case and that he suffered from ineffectiveness of counsel during his plea negotiations and at sentencing. The matter has been fully briefed and is ripe for disposition.

**Background**

On February 22, 2011, the grand jury issued an indictment charging Defendant Jeffrey Olson with wire fraud in violation of 18 U.S.C. § 1343. (Doc. 1, Indictment). The indictment charged that the defendant devised a scheme and artifice to defraud and obtain money and/or property from another. (Id.) According to the Indictment, to defraud the other person, defendant indicated that he had immense family wealth and a seat on the New York Stock Exchange (Id. ¶ 1). He represented that the person would

reap substantial profits if she invested in his businesses, an investment company named Northco Investments and an auto parts purchasing company named Northco.  (Id.)  The victim did provide money and other assets to the defendant.  Defendant informed the victim that he had invested the money and that the victim's investments had respective values of more than $1.5 million and $975,000.  (Id. ¶ 10).

The defendant, however, did not invest the money. He used it to buy auto parts and for personal living expenses.  (Presentence Investigation Report, ¶ 26).

On May 11, 2011, the government filed a Superseding Information that charged defendant with the same crime and with more victims.  On November 2, 1011, defendant pled guilty to the Superseding Information. (Doc. 32).  The court sentenced the defendant on February 22, 2013 to a term of imprisonment of fifty-one (51) months and a term of supervised release of three (3) years.  (Doc. 109, Judgment).  Additionally, the court ordered defendant to pay $794,486.00 in restitution.  (Id.)

At the time of the commission of that offense, defendant was serving a term of supervised release with regard to a different criminal case.  On the same day as the sentencing on the present case, the court sentenced

the defendant to a term of imprisonment of fourteen (14) months for violating the terms of supervised release. (Doc. 167 in Dck. No. 3:02cr206). This sentence is to run consecutive to the sentence imposed on the wire fraud charge in case number 3:11cr55. (Id.)

On March 6, 2013, defendant appealed his conviction to the Third Circuit Court of Appeals. (Doc. 111, Notice of Appeal). The Third Circuit Court of Appeals affirmed the judgment of conviction on November 18, 2013. (Doc. 120, Judgment of the United States Court of Appeals).

On February 19, 2014, the defendant filed the instant motion to vacate, set aside or correct his sentence. (Doc. 124).[1] We issued a "Notice of Election" to the defendant pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999). We indicated that he could have the motion ruled upon as filed or withdraw it to file one all-inclusive motion within the appropriate statute of limitation. (Doc. 127). Defendant returned the notice of election and indicated that he had labeled his motion as a motion under 28 U.S.C. § 2255, and he chose to have the court rule upon the motion as filed. (Doc. 132). Accordingly, the court ordered that the

_____

[1]Defendant filed an earlier section 2255 motion, before the circuit court had decided his appeal. (Doc. 118). We denied the motion, without prejudice as premature. (Doc. 119).

motion be served on the United States.  The United States filed an

opposition brief on May 12, 2014.  (Doc. 134).  Defendant filed a reply to

the government's opposition brief on May 20, 2014, bringing the matter to

its present posture.  (Doc. 135).

**Jurisdiction**

As plaintiff brings his motion under section 2255 we have jurisdiction

under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction

of all civil actions arising under the Constitution, laws, or treaties of the

United States.").  We also have jurisdiction under 28 U.S.C. § 2241 ("Writs

of habeas corpus may be granted by . . . the district courts[.]").

**Legal Standard**

Under 28 U.S.C. § 2255 ("section 2255") a defendant may move the

court to vacate, set aside or correct the sentence if it is unconstitutional or

a violation of federal law.  Specifically, Section 2255 provides:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to
> be released upon the ground that the sentence was
> imposed in violation of the Constitution or laws of
> the United States, or that the court was without
> jurisdiction to impose such sentence or that the
> sentence was in excess of the maximum authorized
> by law, or is otherwise subject to collateral attack,
> may move the court which imposed the sentence to
> vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Where a defendant has pled guilty, the potential claims that he may raise on the basis that his "sentence was imposed in violation of the Constitution" are limited.  Id.  "By entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers."  Florida v. Nixon, 543 U.S. 175, 187 (2004) (citing Boykin v. Alabama, 395 U.S. 238, 243 (1969)).

Here defendant asserts ineffectiveness of counsel for failure to raise or pursue certain issues, which is potentially a violation of the Constitution's Sixth Amendment right to counsel.  A claim of ineffective assistance of counsel based on a guilty plea is analyzed under the two-part test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  Hill v. Lockhart, 474 U.S. 52, 58 (1985). The defendant must show that counsel's performance was deficient and that the deficient performance was prejudicial.  Strickland, 466 U.S. at 687. In the context of a guilty plea, a defendant may only claim that counsel was ineffective if it rendered the plea involuntary or unintelligent.  Hill, 474 U.S. at 56.

5

**Discussion**

Defendant raises the following five issues in his section 2255 motion: 1) The government made various agreements to induce defendant to plead guilty and has not honored those agreements; 2) He provided substantial assistance to the government and the court was never made aware of it; 3) Pertinent medical information was not provided to the court; 4) The court did not properly sentence him on the supervised release violation; and 5) The government endangered him and his family by revealing his involvement as an informant in another criminal case.  We find no merit to any of the defendant's claims but we will address them all in turn.

**1. Inducements to plead guilty**

Defendant argues that the government provided certain inducements/agreements to ensure that the defendant pled guilty, but then never carried through on its part of the bargain.  For example, he asserts that the government agreed that if he pled guilty, the government would recommend to the court that the sentence on this charge run concurrently with a sentence he was to receive on a violation of supervised release charge.   Additionally, defendant asserts that the government agreed to investigate others involved in the crime if defendant pled guilty.

6

Defendant's argument does not entitle him to section 2255 relief.

The first issue, regarding the agreement to seek a concurrent sentence with the violation of supervised release sentence, was addressed by the Third Circuit Court of Appeals on direct appeal and the court found it to be without merit.  The court noted:

> Nothing in the record supports Olson's bare assertion that he was promised a concurrent sentence on his supervised release violation in exchange for his guilty plea.  The plea agreement contains no promises as to a concurrent supervised release sentence and if there had been any prior oral understandings, the written agreement would have superseded them.  During his change of plea hearing, Olson testified under oath that he had read and understood both the plea agreement and the accompanying statement of defendant each of which clearly states that no promises other than those set forth in the written plea agreement had been made.

United States v. Olson, 544 F. App'x 114, 118 (3d Cir. 2013).

As this issue was addressed and rejected by the Third Circuit, we must reject it also.  The same reasoning applies to the defendant's argument that he pled guilty because the government indicated that it would investigate others involved in the crime.  No such agreement appears on the record and the plea agreement and accompanying statement of the defendant each state that no other promises had been

made except for those set forth in the written plea agreement.

Specifically, the plea agreement provides:

> This document states the complete and only Plea
> Agreement between the United States Attorney for
> the Middle District of Pennsylvania and the
> defendant in this case, and is binding only on the
> parties to this agreement, supersedes all prior
> understandings, if any, whether written or oral, and
> cannot be modified other than in writing that is
> signed by all parties or on record in Court.  No other
> promises or inducements have been or will be
> made to the defendant in connection with this case,
> nor have any predcitions or threats been made in
> connection with the plea.

(Doc. 26, Plea Agreement ¶ 34).  The "Statement of Defendant" with

regard to the plea agreement provides:  "No promise, threats or any other

inducements of any kind have been made to me in regard to my plea of

guilty, apart from the plea agreement.  I am entering into this plea

voluntarily with full knowledge of what rights I am giving up."  (Doc. 26-1,

Statement of Defendant ¶ 7).  Accordingly, the motion to vacate based

upon other agreements/understandings will be denied.[2]

## 2.  Substantial assistance

Defendant next argues that he provided substantial assistance to an

---

[2]To the extent that the defendant raises this issue in terms of
"ineffectiveness of counsel" it will be denied.   The underlying issue lacks
merit, and thus, counsel was not deficient for failing to raise it.

Assistant United States Attorney (hereinafter "AUSA") on another case and that the AUSA indicated that this assistance would be brought to the attention of the court and government.  Defendant asserts that the court was never made aware of this assistance.  Defendant is incorrect.

At a sidebar conference at the sentencing hearing, defendant's counsel and government's counsel discussed the defendant's cooperation. (Doc. 116, Sentencing Tr. at  6-10).  The government indicated that if anything concrete resulted from the cooperation - for example an arrest or conviction - there was the "possibility" of a Rule 35 motion for reduction of sentence.  (Id. at  8).  Defendant has not argued that his cooperation led to the arrest or conviction of anyone.  Additionally, the government indicated that a"possibility" existed that a motion for a reduction of sentence would be filed, not that such a motion would definitely be filed.  Accordingly, we find that this issue provides no basis for section 2255 relief.

## 3.  Medical Information

Defendant also argues that he suffers from a medical condition known as traumatic brain injury ("TBI") and that this information was never brought to the attention of the court.  We find no merit to the defendant's claim.

The Presentence Investigation Report (hereinafter "PIR") provides a medical background regarding the defendant, and it does not mention TBI. Defendant never objected to the failure of the PIR to discuss his alleged diagnosis of TBI and he did not raise the issue at sentencing.  Further, he does not establish the manner in which this information would have affected his sentence.  He was sentenced according to a binding plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Accordingly, this issue does not provide a basis for section 2255 relief.

**4.  Supervised release violation**

The defendant also argues that at sentencing this court did not use the required "three-step process" in determining the defendant's supervised release violation punishment.  He claims that his attorney was ineffective for not objecting to this alleged failure by the court.  Defendant's argument lacks merit.

The law provides a three-step process for the discretionary revocation of supervised release.  United States v. Thornhill, 759 F.3d 299, 308 (3d Cir. 2014). The steps are:

> (1) a finding by the court that the defendant violated a condition of supervised release; (2) a decision by

> the court to revoke the defendant's term of
> supervised release and (3) following revocation, the
> imposition of a penalty.  Significantly, subsection (e)
> directs that the court's decision to revoke at step
> two must be made 'after considering' certain factors
> set forth in § 3553 (a).  18 U.S.C. § 3583(e).

Id.

At sentencing the court complied with the requirements of this section, and the Third Circuit addressed this issue in its opinion on defendant's appeal and found no error.  The court observed that the defendant admitted to violating a term of his supervised release.  Olson, 544 F. App'x at 118-19.  The Circuit Court then noted that this court discussed the relevant sentencing factors under 18 U.S.C. § 3553(a), and imposed a penalty of fourteen months' imprisonment.  Id. at 119.  Accordingly, the Circuit Court concluded that the sentence on the supervised release violation was legal and reasonable.  Id.  Defendant's argument has no merit.  As no merit exists to the issue, it cannot be the basis for an ineffectiveness of counsel claim.  The section 2255 motion cannot be granted on this ground.

## 5. Endangerment

Finally, the defendant argues that he provided assistance to an Assistant United States Attorney regarding a different case.  This AUSA

11

then informed the counsel for defendant in that case, that Olson had provided incriminating information against that defendant.  Olson's family received death threats.  While this may in fact be very upsetting to the defendant and his family, it is not proper grounds for the granting of a motion for relief under section 2255.  It does not indicate any constitutional violation regarding his sentence.  Accordingly, this argument is not a proper basis for relief.

## 6.  Evidentiary hearing

A movant under section 2255 is entitled to a hearing unless the record makes conclusively establishes that he is not entitled to relief. United States v. Nino, 878 F.2d 101, 103 (3d Cir. 1989).  The decision as to whether a hearing is necessary is left to the sound discretion of the district court.  United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). Based upon our reasoning above, we find no merit to any of the defendant's arguments and that a hearing is not necessary.

## Conclusion

The defendant has challenged his guilty plea and sentence in case number 3:11cr55 and his sentence in 3:02cr206.  None of the defendant's arguments have any merit.  Thus, we will deny the defendant's motion.  An

appropriate order follows.

**Date: Oct. 21, 2014**                    <u>**s/ James M. Munley**</u>
                                           **Judge James M. Munley**
                                           **UNITED STATES DISTRICT COURT**